# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. PIKITUS, | |
| Plaintiffs, | NO. 3:06-CV-0316 |
| v. | (JUDGE CAPUTO) |
| WEST MAHANOY TOWNSHIP SEWER PROJECT OFFICERS, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Defendants' motion to dismiss the Complaint, or in the alternative, for a more specific statement. (Doc. 59.) Defendants have also filed a brief in support of said motion. (Doc. 60.) Plaintiff has not filed a brief opposing Defendants' motion within the fifteen day period allotted by the Middle District's Local Rule 7.6. Rule 7.6 states, in relevant part, "Any party opposing any motion shall file a responsive brief . . . within fifteen (15) days after service of the movant's brief. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion." Therefore, pursuant to Local Rule 7.6, the Court will deem the Defendants' motion to dismiss to be unopposed.

Defendants filed its motion to dismiss, or in the alternative, for a more specific statement, on July 17, 2007. Defendants' motion to dismiss asserts the following: (1) Plaintiff has violated FED. R. CIV. P. 10 in failing to properly caption his complaint; (2) Plaintiff has failed to state a claim under FED. R. CIV. P. 12(b)(6); (3) Plaintiff has violated FED. R. CIV. P. 4(c)(1) by failing to serve a summons; (4) that Plaintiff has failed to identify a federal question, and therefore lacks subject matter jurisdiction pursuant to FED. R. CIV.

P. 12(b)(1); (5) Plaintiff has failed to join an indispensable party pursuant to FED. R. CIV. P. 19; (6) Plaintiff has failed to provide proof of service; (7) no actual controversy exists between Plaintiff and Defendants; (7) Plaintiff filed his Complaint beyond the relevant statute of limitations; (9) the action should be dismissed based upon laches; and (10) the action should be dismissed based upon res judicata.

For the reasons that follow, the Court finds Defendants' argument regarding Rule 12(b)(6) to be convincing; therefore the Court need not address the remainder of Defendants' arguments.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all of the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As a result of the *Twombly* holding, Plaintiff must now nudge her claims "across the line from conceivable to plausible" to avoid dismissal thereof. *Id*. The Supreme Court noted just two weeks later in *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), that *Twombly* is not inconsistent with the language of Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts

are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Id*. (citing *Twombly*, 127 S.Ct. at 1959 (quoting *Conley*, 355 U.S. at 47)).

There has been some recent guidance from the Courts of Appeals about the apparently conflicting signals of *Twombly* and *Erickson.* The Second Circuit Court of Appeals reasoned that "the [Supreme] Court is not requiring [in *Twombly*] a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). Similarly, the Seventh Circuit Court of Appeals stated that "[t]aking *Erickson* and *Twombly* together, we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, — F.3d —, 2007 WL 2406859, at *4 (7th Cir. Aug. 24, 2007).

Until further guidance, this Court will follow the guidance of the Second and Seventh Circuit Courts of Appeals, and apply a flexible "plausibility" standard, on a case-by-case basis, in those contexts in which it is deemed appropriate that the pleader be obliged to amplify a claim with sufficient factual allegations.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993),

*cert. denied*, 510 U.S. 1042 (1994).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

In Plaintiff Pikitus' Complaint, he attempts to file a claim "under the Civil Rights Act RS 1979, 42 US [sic] § 1983."  (Compl. Doc. 1.)  He alleges violations of "the Civil Rights Violations of 5th and 14 Amendments.  Due process, equal rights, Grandfather clause, protection the rights which we have against arbitrary government, Slaughter house case, right of liberty by choice of sewage or septic tanks, placing people in financial difficulty,

hardship, mental suffering, Ex Post Facto law, destruction of property." (*Id.*)

Although Plaintiff has listed numerous categories of causes of action, his Complaint fails to properly allege any of them.  Furthermore, Plaintiff's Complaint alleges few statements of any fact.  Plaintiff also lists citations for numerous cases -  these too fail with respect to alleging any cause of action.  Although Plaintiff has enunciated a general unhappiness with the sewer project in West Mahanoy Township, he has failed to state a cause of action upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Court will grant the Defendants' motion to dismiss. An appropriate Order follows.


September    20  , 2007                    /s/ A. Richard Caputo
                                                                      A. Richard Caputo
                                                                      United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN A. PIKITUS., | |
| Plaintiff, | NO. 3:06-CV-0316 |
| v. | (JUDGE CAPUTO) |
| WEST MAHANOY TOWNSHIP SEWER PROJECT OFFICERS, | |
| Defendants. | |

## **ORDER**

**NOW**, this 20th day of September, 2007, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 59) pursuant to Federal Rule of Civil Procedure 12 is **GRANTED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge